IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MBETI VICTORIA NDONGA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 7:14-CV-87-HL-MSH |
| | : | 28 U.S.C. § 2241 |
| ICE Atlanta Field Office, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondent's motion to dismiss, filed on July 11, 2014. (ECF No. 8.) In her application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner challenged the legality of her continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus, ECF No. 1.) Along with the motion to dismiss, Respondent filed a copy of the Order of Supervision (Mot. to Dismiss Ex. A, ECF No. 8-1) showing that Petitioner was released on supervised release on July 10, 2014. Because of Petitioner's release, Respondent now contends that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 2.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give

the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting her a writ of habeas corpus and release from custody.  (Pet. for Writ of Habeas Corpus 8.)  Petitioner has been released from the physical custody of ICE.  (Mot. to Dismiss Ex. A.)  Furthermore, Petitioner is not contesting the conditions of her supervised release such that this Court could maintain jurisdiction over her habeas petition.  *See Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011); *see also* Mot. to Dismiss Ex. A.  Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional."  *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 8) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudice to her right to file a new § 2241 petition in the future if a change in her circumstances occurs.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 24th day of July, 2014.

/s/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE