IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **MBETI VICTORIA NDONGA,** | |
| Petitioner, | **7:14-CV-87 (HL)** |
| v. | 28 U.S.C. § 2241 |
| **ICE Atlanta Field Office,** | |
| Respondent. | |

ORDER

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 12) that Petitioner's habeas petition under 28 U.S.C. § 2241 be dismissed. The petition of Mbeti Ndonga ("Petitioner") challenges the legality of her detention by Immigration and Customs Enforcement ("ICE") officials. She has filed an Objection (Doc. 13) to the Recommendation. After undertaking a *de novo* review of the Recommendation, the Court accepts and adopts the recommendation to dismiss the petition, while providing further explanation.

As detailed in the Recommendation, Petitioner's habeas petition must be dismissed in light of the fact that she has been released from ICE custody. The petition did not challenge the conditions of her detention but rather sought a court order directing that she be released from custody. On July 10, 2014, ICE issued an Order of Supervision ("OSUP") placing Petitioner on supervised release

subject to various conditions. (Order of Supervision, Doc. 8-1). Federal courts retain jurisdiction to address the merits of a habeas petition where the conditions of release "involve[] some restrictions upon [the petitioner's] liberty." Dawson v. Scott, 50 F.3d 884, 886 n. 2 (11th Cir. 1995); *see also* Jones v. Cunningham, 371 U.S. 236, 241-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The conditions of the OSUP at issue here required, among other things, that Petitioner notify ICE before traveling outside the state for more than forty-eight hours. However, both this and the other restrictions in the OSUP are appropriate under the relevant federal regulations, 8 C.F.R. § 241.5, and do not provide any grounds for granting Petitioner habeas relief. *See* Alvarez v. Holder, 454 F. App'x 769, 773-74 (11th Cir. 2011) (holding that restrictions in an OSUP were appropriate under 8 C.F.R. § 241.5). Her petition is dismissed.

The Court finds that Petitioner has failed to make a substantial showing that she has been denied a constitutional right, and a certificate of appealability is therefore denied. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**SO ORDERED,** this 25th day of August, 2014.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE

scr